IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| In re:<br>Iyanla R. Vanzant<br><br>         Debtor | Case No. 06-13913 RG<br>Chapter 7 |
| Bank of America, N.A.<br><br>         Plaintiff<br>vs.<br><br>Eric Friedman, *et al.*<br><br>         Defendants | Adversary No.: 09-00140<br>Consolidated |

**TRUSEE'S MOTION TO APPROVE SETTLEMENT WITH BANK OF AMERICA**

Sean C. Logan, Chapter 7 Trustee ("Trustee") in the bankruptcy case of Iyanla Vanzant ("Debtor"), by and through his attorneys, James R. Schraf and Logan, Yumkas, Vidmar & Sweeney, LLC, respectfully moves for an order approving the settlement with Bank of America, N.A.. In support of this Motion, the Trustee states as follows:

1.  The Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334, and this is a core proceeding under 28 U.S.C. § 157(b)(2).

2.  On July 5, 2006 (the "Petition Date"), Debtor filed a voluntary Chapter 7 Petition, initiating this bankruptcy case. Sean C. Logan was appointed Chapter 7 Trustee.

3.  Debtor is the owner of a promissory note dated June 22, 2000 from Alex Morgan ("Morgan") in the principal amount of $148,000 (the "Vanzant Note).

1

4. The Vanzant Note is secured by a deed of trust executed on September 24, 2001 and recorded in the land records of Prince George's County, Maryland on October 11, 2001 (the "Vanzant Deed of Trust"). The property to which the Vanzant Deed of Trust applies is located at 9216 Crandall Road in Lanham, Maryland (the "Property").

5. The Property was sold to Eric Friedman ("Friedman") by Morgan and transferred by deed dated May 29, 2008. Bank of America financed Friedman's purchase of the Property and secured its loan with a deed of trust applicable to the Property. At settlement the Vanzant Note was not paid despite the fact that the Vanzant Deed of Trust was of record at the time of settlement.

6. Bank of America claims that its deed of trust is superior to the Vanzant Deed of Trust based on the application of the doctrines of equitable subrogation and equitable mortgage. Bank of America commenced the above-captioned adversary proceeding ("Adversary Proceeding") in order to seek a determination by this Court of the priority of the liens against the Property.

7. Further, Morgan is in default on the Vanzant Note and the Trustee has retained special counsel to foreclose on the Property. The foreclosure has been docketed.

8. The Trustee has negotiated a resolution with Bank of America, subject to approval by this Court, whereby Bank of America will purchase the Vanzant Note for $170,000.

9. The Trustee believes that the relief sought herein is necessary and in the best interest of the Chapter 7 Estate because the Estate will realize the settlement amount without incurring the additional costs and risks associated with litigating the claims in the Adversary Proceeding.

10. The Trustee has further weighed the costs and benefits of proceeding to trial in this case and the risks associated therewith and believes the settlement is in the best interest of the bankruptcy estate and its creditors.

11. Bank of America consents to the relief requested in this Motion and said consent is embodied in the proposed Stipulation and Consent Order filed concurrently herewith.

12. Pursuant to Fed.R.Bankr.P. 9019(a), the Court may approve a settlement and compromise after notice if such settlement and compromise is "fair and equitable" and in the best interest of the estate. *See generally, U.S. ex. rel. Rahman v. Oncology Associates, P.C.*, 269 B.R. 139, 149 (D. Md. 2001); *DePoister v. Mary M. Holloway Found.*, 36 F.3d 582, 586 (7th Cir. 1994). Courts in this district have held that a determination whether to approve a settlement must involve consideration of the following factors:

> (a) the probability of success in litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved (including the expense, inconvenience and delay necessarily attending the litigation); and (d) the paramount interest of the creditors and a proper deference to their reasonable views.

*Oncology Associates*, 269 B.R. at 149-50 (*citing Protective Committee for Independ. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, et al.*, 390 U.S. 414, 424, 88 S.Ct. 1157 (1968)). *See also In re Drexel Burnham Lambert Group, Inc.*, 134 B.R. 493 (Bankr. S.D. N.Y. 1991). Observing that settlements are to be encouraged rather than discouraged, the Court in *Oncology Associates* determined that a settlement may be approved unless the settlement "falls below the lowest point in the range of reasonableness". *Oncology Associates*, 269 B.R. at 149 (*quoting W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir.), *cert. denied sub nom.*, 464 U.S. 822, 104 S. Ct. 89 (1983); *In re: Bowman*, 181 B.R. 836, 846 (Bankr. D. Md. 1995).

15. Compromises are favored by bankruptcy courts. *See In re Sassalos*, 160 B.R. 646, 653 (D. Or. 1993) ("compromises are favored in bankruptcy, and the decision of the bankruptcy judge to approve or disapprove a compromise … rests in the sound discretion of the judge."). Rule 9019(a) of the Federal Rules of Bankruptcy Procedure provides that "on motion by the trustee and after a hearing, the court may approve a compromise or settlement." The settlement of time-consuming and burdensome litigation, especially in the bankruptcy context, is encouraged. *In re Penn Cent. Transp. Co.,* 596 F.2d 1002, 1113 (3d Cir. 1979) ("in

administering reorganization proceedings in an economical and practical manner, it will often be wise to arrange the settlement of claims as to which there are substantial and reasonable doubts"), quoting *In re Protective Comm. for Indep. Stockholders of TMT Ferry, Inc. v. Anderson,* 390 U.S. 414, 424 (1968).

16. The Trustee asserts that the proposed settlement satisfies the four-factor test enumerated by this Court in the *Oncology Associates* case. Litigating the competing claims asserted by each party would be complex and costly, and the outcome is uncertain.

17. Pursuant to Local Bankruptcy Rule 9013-2, no separate memorandum of law in support of this motion will be filed, but the Trustee will rely solely upon the motion.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order granting this Motion to Approve Settlement pursuant to Bankruptcy Rule 9019(a) with Bank of America, N.A.

Respectfully submitted;

/s/ James R. Schraf
James R. Schraf 03470
Logan, Yumkas, Vidmar & Sweeney, LLC
2530 Riva Road, Suite 400
Annapolis, Maryland 21401
Telephone (410) 571-2780
Facsimile (410) 571-2798
E-Mail: JSchraf@LoganYumkas.com
Attorney for Sean C. Logan, Chapter 7 Trustee

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Trustee's Motion to Approve Settlement with Bank of America was mailed via first class mail this 5th day of August, 2010 to:

Iyanla R. Vanzant
8109 Croom Station Road
Upper Marlboro, MD  20772
Debtor

David E. Lynn
15245 Shady Grove Road
Suite 465 North
Rockville, MD 20850
Attorney for Debtor

John A. DiNucci, Esquire
8180 Greensboro Drive
McLean, Virginia 22102
Telephone (703) 821-4232
E-Mail:  dinuccilaw@verizon.net
Attorney for Defendants, M&R Title, Inc.
and Marla Messenger

Theodore Y. Kim, Esquire
THE KIM LAW GROUP, P.C.
2325 Dulles Corner Blvd.
Suite 1100
Herndon, VA 20171
Attorneys for Defendants, M&R Title, Inc.
and Marla Messenger

M. Elizabeth Nowinski, Esquire
Fedder and Garten, Professional Association
36 S. Charles St., Ste. 2300
Baltimore, MD  21201
Attorneys for Plaintiff, Bank of America, N.A.

Office of the U.S. Trustee
Garmatz Federal Courthouse
101 West Lombard Street, Suite 2625
Baltimore, Maryland  21201

    /s/ James R. Schraf
    James R. Schraf 03470

5